| | |
|---|---|
| **MICHELLE LEWIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-163** |
| **TOURO INFIRMARY INC., ET AL.** | **SECTION I** |

# ORDER

Before the Court is a motion[1] to remand filed by plaintiffs, Michelle Lewis and Alicia Lewis, and a related motion[2] to enforce the Court's scheduling orders filed by defendant, Dr. Ruary C. O'Connell. For the following reasons, both motions are **DENIED**.

## *BACKGROUND*

On January 6, 2011, plaintiffs filed a petition for damages in Orleans Parish Civil District Court alleging that they suffered immeasurable grief and other damages from the loss of their mother when Dr. Ruary O'Connell ("Dr. O'Connell") failed to diagnose and treat the pulmonary embolism that resulted in her death.[3] Plaintiffs named Dr. O'Connell, Touro Infirmary, Inc. ("Touro"), and other unidentified parties as defendants.[4]

On January 25, 2011, Touro removed this case to the U.S. District Court for the Eastern District of Louisiana.[5] Touro invoked the Court's subject matter jurisdiction based on diversity of citizenship.[6] Complete diversity existed among the parties at the time the lawsuit was filed

---

[1] R. Doc. No. 27.
[2] R. Doc. No. 28.
[3] R. Doc. No. 1-1.
[4] R. Doc. No. 1-1
[5] R. Doc. No. 1.
[6] R. Doc. No. 1.

1

because plaintiffs alleged that they were residents of Texas and that defendants were residents of Louisiana.[7]

On September 15, 2011, the Court held a status conference in which plaintiffs agreed to provide defendants with expert reports by October 17, 2011.[8] Plaintiffs later filed a motion to extend the deadline to November 18, 2011.[9] The Court granted the motion over Dr. O'Connell's objection that plaintiffs had more than three years to locate an expert.[10]

On November 10, 2011, with the deadline to submit their expert reports approaching, plaintiffs filed this motion to remand the case to Orleans Parish Civil District Court.[11] Plaintiffs argue that the removal of this action violates the forum-defendant rule established by 28 U.S.C. § 1441(b).[12]

Dr. O'Connell opposes the motion to remand on the ground that it is untimely pursuant to 28 U.S.C. § 1447(c).[13] He argues that any objections to procedural defects in the removal of this action should have been filed within 30 days of the filing of the notice of removal.[14] Dr. O'Connell also argues that the motion to remand is an attempt to avoid the Court's deadline for submitting expert reports.[15] Dr. O'Connell filed a motion to enforce the deadline, arguing that the Court should dismiss plaintiffs' claims entirely because they failed to submit their expert reports by the Court's deadline.[16]

*LAW AND ANALYSIS*

**I. Motion to Remand**

---

[7] R. Doc. No. 1-1.
[8] R. Doc. No. 21.
[9] R. Doc. No. 25.
[10] R. Doc. No. 26.
[11] R. Doc. No. 27.
[12] R. Doc. No. 27.
[13] R. Doc. No. 31.
[14] R. Doc. No. 31.
[15] R. Doc. No. 31.
[16] R. Doc. No. 28.

Plaintiffs argue that the case should be remanded pursuant to the forum-defendant rule established by 28 U.S.C. § 1441(b) because both defendants are residents of Louisiana, the state in which the action was brought.[17]  However, 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  Although plaintiffs argue that the forum-defendant rule deprives the Court of subject matter jurisdiction, the Fifth Circuit has recognized that the rule is not jurisdictional and that it may be waived. *Cano v. Peninsula Island Resort & Spa, LLC*, Civil Action No. 1:09-121, 2010 WL 1790722, at *2 (S.D. Tex. May 4, 2010) (citing *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 392-93 (5th Cir. 2009)).  In this case, plaintiffs waived their procedural objection to removal by failing to raise it until nearly ten months after the filing of the notice of removal.  Accordingly, the motion to remand must be denied.

## II.     Motion to Enforce the Court's Scheduling Orders

Dr. O'Connell argues that the Court's scheduling orders required plaintiffs to submit expert reports by November 18, 2011, or their claims would be dismissed.  On September 15, 2011, the Court ordered plaintiffs to "provide defendants with an expert report of their expert no later than Monday, October 17, 2011."[18]  The Court later extended that deadline and ordered that "any experts who may be witnesses for plaintiffs shall be obtained and delivered to counsel for

---

[17] 28 U.S.C. § 1441(b) provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[18] R. Doc. No. 21.

defendant as soon as possible, but in no event later than Friday, November 18, 2011."[19]  The Court never implied that plaintiffs' inability to obtain an expert would require dismissal of their claims.  Although plaintiffs' failure to timely name an expert may have other adverse consequences on their case, the Court does not find that it warrants the dismissal of their claims at this time.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand and defendant's motion to enforce the Court's scheduling orders are **DENIED**.

New Orleans, Louisiana, January 4, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] R. Doc. No. 26.

4